Amy M. Samberg, Esq.
Nevada Bar No. 10212
Justin S. Hepworth, Esq.
Nevada Bar No. 10080
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone (702) 784-5200
Fax (702) 784-5252
asamberg@swlaw.com
jhepworth@swlaw.com

*Attorneys for Travelers Casualty Insurance Company of America*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PACIFIC ENTERPRISES, LLC,<br><br>           Plaintiff,<br><br>vs.<br><br>AMCO INSURANCE COMPANY, an Iowa company; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation; DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>           Defendants. | CASE NO.<br><br>**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL**<br><br>** JURY DEMANDED ** |

**TO THE HONORABLE JUDGES OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446(a), Defendants TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers") hereby petitions the Court for removal of the action described below from the Eighth Judicial District Court, Clark County, Nevada to this Court, and in support thereof, respectfully shows:

 1. Travelers is a defendant in the above entitled action.

 2. Plaintiff PACIFIC ENTERPRISES, LLC ("Plaintiff") filed a Complaint (the "Complaint") against Defendant Travelers and Co-Defendant Amco Insurance Company ("Amco") in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-14-705220-C on August 7, 2014.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

20161747

3. On October 3, 2014, Defendant Travelers accepted service of the Complaint and Summons (the "Summons"). A true and correct copy of the Acceptance of Service is attached hereto as **Exhibit B**. The thirty-day period for removal does not begin to run until the party has been properly served. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Thirty days have not elapsed since Defendant Travelers received the Summons and Complaint in this action.

4. Plaintiff's Complaint alleges claims against Defendant Travelers and Co-Defendant Amco for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment and statutory unfair claims settlement practices. *See* Complaint (Ex. A). All of Plaintiff's claims relate to Defendants' handling of its insurance claims under various policies held by Plaintiff. *Id.* Plaintiff claims general damages, special damages, and punitive damages. *Id.*

5. Assignment to this Court is proper because the action was pending in the Eighth Judicial District Court, Clark County, Nevada.

## JURISDICTION

6. Under 28 U.S.C. § 1441, Congress has granted defendants the statutory right to remove a case from state court to a United States District Court where that case could have originally been filed in federal court. This grant is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C §1332.

7. Removal is proper in this case because the Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1441.

## AMOUNT IN CONTROVERSY

8. The matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Plaintiff seeks payment for property damage/loss allegedly covered under insurance policies allegedly issued by Defendants. Plaintiff's policy with Travelers has a businessowners

1 property coverage limit of $1,485,811.00. Plaintiff has requested relief in the form of general, special and punitive damages in an aggregate amount that clearly exceeds $75,000.00 for denied policy damages under multiple theories of recovery.

Defendant Travelers, however, does not concede that it is guilty of any conduct that would warrant the imposition of any damages alleged by Plaintiff. Based on the foregoing, Defendant Travelers believes that the evidence shows that the amount in controversy with respect to Plaintiff is in excess of $75,000.00.

## GEOGRAPHICAL DIVERSITY

9. Defendant Travelers is not a citizen of the State of Nevada. Moreover, Defendant Travelers is informed and believes that Plaintiff is not a citizen or resident of the state where Defendant Traveler or Co-Defendant Amco are citizens. Thus, complete diversity exists and this Court has diversity jurisdiction in this matter, as explained in more detail below.

10. Defendant Travelers is informed and believe that, at all relevant times, Plaintiff is now, and was at the time of filing the Complaint and at all intervening times, a Nevada limited liability company. *See* Complaint (Ex. A) at ¶ 1.

11. Defendant Travelers is now, and at the time the Complaint was filed and at all intervening times, incorporated under the laws of the State of Connecticut with its principal places of business located in Hartford, Connecticut.

12. Upon information and belief, Co-Defendant Amco is now, and at the time the Complaint was filed and at all intervening times, incorporated under the laws of the State of Ohio with its principal place of business located in Columbus, Ohio. Co-Defendant Amco does not need to consent to the removal as it has not yet appeared in this action.

13. Furthermore, for purposes of removal under 28 U.S.C. § 1441, *et seq.*, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(a).

## REMOVAL IS PROPER

13. This Notice of Removal is timely filed because it was filed within thirty days after receipt of the Summons and Complaint by Defendant Travelers and is filed within one year of the filing of the Complaint. 28 U.S.C. § 1446(b).

- 3 -

20161747

14. Defendants Travelers will also timely file a Notice of Removed Action in the Eighth Judicial District Court, Clark County, Nevada, a true and correct copy of which is attached hereto as **Exhibit C**. 28 U.S.C. § 1446(d).

15. Defendant Travelers is providing written notice to Plaintiff. 28 U.S.C. § 1446(d).

16. Defendant Travelers reserves the right to amend or supplement this Notice of Removal.

## JURY DEMAND

Defendant Travelers demands a trial by jury on all issues appropriate for jury determination.

WHEREFORE, Defendant Travelers hereby requests that the action now pending against it in the Eight Judicial District Court, Clark County, Nevada, be removed to this Court.

Dated: October 23, 2014            SNELL & WILMER L.L.P.

By: */s/ Justin S. Hepworth*
Amy M. Samberg, Esq.
Nevada Bar No. 10212
Justin S. Hepworth, Esq.
Nevada Bar No. 10080
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169

*Attorneys for Travelers Casualty Insurance Company of America*

20161747

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL** by the method indicated:

| | |
|---|---|
| __X__ | U.S. Mail |
| _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission |
| _____ | Overnight Mail |
| _____ | Federal Express |
| _____ | Hand Delivery |
| _____ | Electronic Filing |

and addressed to the following:

Leah A. Martin, Esq.
Leah Martin Law
6671 S. Las Vegas Blvd., Bldg. D, Ste. 210
Las Vegas, NV 89119
lmartin@leahmartinlv.com
*Attorneys for Plaintiff*

DATED October 23, 2014

*/s/ Maricris Williams*
An Employee of Snell & Wilmer L.L.P.