UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PACIFIC ENTERPRISES, LLC,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>AMCO INSURANCE COMPANY, et al.,<br><br>　　　　　　　　Defendant(s). | Case No. 2:14-CV-1757 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Travelers Casualty Insurance Company of America's (hereinafter "defendant") motion to dismiss. (Doc. # 4). Plaintiff Pacific Enterprises, LLC (hereinafter "plaintiff") filed a response, (doc. # 11), and defendant filed a reply, (doc. # 13).

**I.   Background**

Plaintiff is a limited liability company registered in Nevada. (Doc. # 1). Its registered agent and sole officer resides in Nevada. (Doc. # 1). Defendant Travelers is incorporated and has its principal place of business in Connecticut. (Doc. # 1).

Defendant Travelers issued an insurance policy to plaintiff with effective dates of October 20, 2011, to October 20, 2012. Plaintiff's policy has a businessowner's property coverage limit of $1,485,811. (Doc. # 1).

The policy provides: "We cover loss or damage you sustain through acts committed or events occurring . . . [d]uring the policy period shown in the Declarations." (Doc. # 4-1). Upon expiration of the policy period, plaintiff did not renew its policy with defendant Travelers. (Doc. # 1-1).

**James C. Mahan**
**U.S. District Judge**

Plaintiff also purchased an insurance policy from defendant AMCO Insurance Company ("AMCO"). (Doc. # 1-1). AMCO is incorporated and has its principal place of business in Iowa. (Doc. # 1). This policy had the same effective dates of October 20, 2011, to October 20, 2012. (Doc. # 1-1).

On or about November 7, 2012, plaintiff evicted its tenant from the insured location. At that time, plaintiff discovered that the tenant had stolen property from and damaged the insured location over a period of time. Plaintiff then made an insurance claim with defendant Travelers under its policy. (Doc. # 1-1).

Plaintiff provided defendant Travelers with bids for repairs in the amounts of $231,246 for HVAC damage, $57,111 for plumbing damage, and $87,985 for electrical damage. (Doc. # 10). Defendant Travelers ultimately denied coverage for the claim because the loss was not discovered until after the policy period expired. (Doc. # 1-1).

Plaintiff then filed suit in Nevada state court against defendant Travelers and AMCO, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violations of the Unfair Claims Practices Act. (Doc. # 1-1). Defendant Travelers then removed the case to this court on diversity grounds. (Doc. # 1).

**II.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

James C. Mahan
U.S. District Judge

- 2 -

1    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply
2    when considering motions to dismiss. First, the court must accept as true all well-pled factual
3    allegations in the complaint; however, legal conclusions are not entitled to the assumption of
4    truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by
5    conclusory statements, do not suffice. *Id.*

6    Second, the court must consider whether the factual allegations in the complaint allege a
7    plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint
8    alleges facts that allow the court to draw a reasonable inference that the defendant is liable for
9    the alleged misconduct. *Id.* at 678.

10   Where the complaint does not permit the court to infer more than the mere possibility of
11   misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to
12   relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not
13   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*,
14   550 U.S. at 570.

15   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d
16   1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

22   **III.   Discussion**

23   Plaintiff's complaint includes four causes of action against defendant. Defendant seeks
24   dismissal of plaintiff's entire complaint against it, but neither party differentiates among
25   plaintiff's claims in its filings. For purposes of clarity, the court will address each of plaintiff's
26   claims in turn.

27   . . .
28   . . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

      *i.*      *Breach of contract*

Defendant argues that dismissal is appropriate because plaintiff discovered the loss after its policy had expired. Defendant contends that even if the loss occurred earlier, "[p]rogressive property damage that began during an earlier policy period does not trigger coverage if the damage was not apparent until after the expiration of the policy." (Doc. # 4).

Nevada has adopted the manifestation rule in first party property insurance cases. *Jackson v. State Farm Fire & Cas. Co.*, 835 P.2d 786, 789 (Nev. 1992). Under this rule, "only the policy in effect at the time of manifestation affords coverage." *Id.* at 788 n.3 (citing *Montrose Chem. Corp. v. Admiral Ins. Co.*, 3 Cal. Rptr. 2d 364, 365 (Cal. App. 1992)).

"Manifestation of loss is defined as that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." *Id.* at 790 (citing *Prudential-LMI Ins. v. Super. Ct.*, 798 P.2d 1230, 1247 (Cal. 1990) ("[S]ummary judgment may be appropriate where the undisputed evidence establishes that no damage had been discovered before a given date.").

Plaintiff does not dispute the effective period or date of discovery. (Doc. # 11). Nevertheless, plaintiff argues that the extent and nature of the damage make it likely that at least some of the damage occurred during the effective period. (Doc. # 11). Plaintiff claims that its losses are therefore covered by its policy with defendant. (Doc. # 11).

Plaintiff argues that the cases cited by defendant are distinguishable because in the instant case, "[t]here was not a period of many years from initial insurance until the time loss was claimed where there was a gradual deterioration of conditions." (Doc. # 11). Plaintiff suggests that while "18 days' worth of the loss" may not be covered by its policy with defendant, "there can be no question of fact as to a portion of the loss occurring during the Effective Period." (Doc. # 11).

Even taking all of plaintiff's factual allegations as true, plaintiff does not sufficiently state a claim for breach of contract against defendant based on the applicable legal standard. Plaintiff does not dispute that it discovered the loss at issue after the policy period had expired.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  While plaintiff argues that the instant case is "clearly distinguishable from the
2  construction defect cases cited by Defendant," plaintiff fails to cite any legal authority to support
3  this contention. The above-mentioned cases set forth the applicable standard for gradual damage
4  discovered under first-party liability insurance policies. Plaintiff does not state a plausible claim
5  for relief against defendant under this standard. Accordingly, plaintiff's breach of contract claim
6  will be dismissed as to defendant.

7      ii.    *Breach of the implied covenant of good faith and fair dealing*

8  Plaintiff alleges that defendant refused to abide by its contractual promises to plaintiff
9  and therefore breached the implied covenant of good faith and fair dealing.

10  In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair
11  dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9,
12  9 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the
13  purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am.*
14  *Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

15  In order to prevail on this claim against an insurance company, a plaintiff must
16  demonstrate: (1) the insurer denied or refused to pay the insured's claim; (2) without any
17  reasonable basis; and (3) the insurer had knowledge or awareness of the lack of any reasonable
18  basis to deny coverage, or the insurer acted with reckless disregard as to the unreasonableness of
19  the denial. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996); *Schumacher v. State*
20  *Farm Fire & Cas.*, 467 F. Supp. 2d 1090, 1096 (D. Nev. 2006).

21  An insurer is not liable for bad faith so long as it had a reasonable basis to deny coverage.
22  *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1249 (D. Nev. 1994)
23  (refusing to find bad faith where insurance company investigated damage and requested
24  documents, despite insured's argument that investigation was incomplete).

25  Because plaintiff does not state a plausible claim to relief with regard to its breach of
26  contract claim against defendant, the court finds that plaintiff's claim for breach of the implied
27  covenant of good faith and fair dealing against defendant should also be dismissed. As discussed
28  above, defendant reasonably denied coverage based on the fact that plaintiff discovered its loss

**James C. Mahan**
**U.S. District Judge**

- 5 -

after expiration of the policy at issue. Defendant's motion to dismiss will therefore be granted as to plaintiff's second cause of action.

    *iii.*    *Unjust enrichment*

Plaintiff alleges that defendant has been unjustly enriched by "[r]etaining amounts Plaintiff was required to pay pursuant to the contractual agreement." (Doc. # 1-1).

"Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against fundamental principles of justice or equity and good conscience." *Topaz Mut., Inc., v. Marsh*, 839 P.2d 606, 613 (Nev. 1992). "The essential elements of unjust enrichment are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Id.* (internal citations and quotations omitted).

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus, the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.*

Even taking plaintiff's well-pled factual allegations as true, plaintiff fails to state a claim for unjust enrichment against defendant. Plaintiff and defendant entered into an express contract for insurance coverage. Plaintiff has not shown that defendant improperly withheld payment of its claim or was not entitled to payment of the premiums under plaintiff's policy. Plaintiff's policy with defendant expired before the date that its claim arose. Accordingly, plaintiff's unjust enrichment claim against defendant will be dismissed.

    *iv.*    *Unfair Claims Practices Act*

Plaintiff finally alleges that defendant violated numerous provisions of the Unfair Claims Practices Act. In particular, plaintiff states that defendant failed to act reasonably and promptly with regard to plaintiff's claim; that it failed to reasonably and promptly investigate and process

plaintiff's claim; that it failed to deny coverage within a reasonable time after plaintiff submitted its proof of loss requirements; that it failed to effectuate a prompt, fair, and equitable settlement of claims in which its liability had become reasonably clear; and that it compelled plaintiff to institute litigation to recover amounts due under the policy. (Doc. # 1-1).

Plaintiff's claims under the Unfair Claims Practices Act do not survive the Rule 12(b)(6) standard. Even accepting plaintiff's well-pled factual allegations as true, defendant reasonably denied plaintiff's claim in light of the date of discovery and legal standard for manifestation of loss. As a result, its liability was not reasonably clear such that it had a duty to settle plaintiff's claim. Further, plaintiff's allegations under this cause of action are conclusory. Plaintiff provides no support for its contention that defendant failed to deny coverage within a reasonable time.

Additionally, defendant may not be liable under the Unfair Claims Practices Act simply because plaintiff brought the instant suit. This does not constitute "compelling [plaintiff] to institute litigation to recover amounts due under [the] policy." *See* NRS 686A.310(f). For these reasons, plaintiff's fourth cause of action will be dismissed as to defendant.

In light of the foregoing legal standard and undisputed facts, the court finds that plaintiff fails to state a plausible claim for relief against defendant. For these reasons, the court will dismiss defendant from the instant action.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 4), be, and the same hereby is, GRANTED. Defendant Travelers is hereby DISMISSED from the case.

DATED January 5, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -